Michael A. **POUNDS**, Plaintiff–
Appellant,

v.

Kevin **MYERS**, Warden; Linda Rochell, Associate Warden; John Crunk, Hospital Administrator; Robert Coble, Staff Physician; Cliff Harvill; Donal Campbell, Commissioner, Defendants–Appellees.

No. 03–5220.

United States Court of Appeals, Sixth Circuit.

Sept. 11, 2003.

Michael A. Pounds, Clifton, TN, pro se.

Stephanie R. Reevers, Asst. Attorney Gen., Office of the Attorney General, Nashville, TN, for Defendants–Appellees.

Before MOORE and GILMAN, Circuit Judges; and MILLS, District Judge.*

### ORDER

Michael A. Pounds, a Tennessee state prisoner, moves for the appointment of counsel and appeals a district court order dismissing his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pounds filed this action against the warden, associate warden, hospital administrator, staff physician, and nurse at his place of incarceration, plus the commissioner of the Tennessee Department of Corrections. He alleged that defendants were denying him adequate medical care in violation of the Eighth Amendment. Specifically, the complaint alleged that Pounds was suffering from a number of symptoms, but was told by the nurse at sick call on March 6, 2002, that he could only have sick call for one condition at a time, and was ordered to leave the clinic after arguing with the nurse about this alleged policy. When he returned on March 7, he was told that his sick call privileges were suspended, and he was sent back to his cell. The nurse saw him on March 8, diagnosed shingles, and gave him pain medication and hydrocortisone. On the eleventh, he also received steroids. On the fourteenth, he was apparently removed from the clinic after comments to a nurse about erections were interpreted as inappropriate. He was also seen by a nurse on March 19 and April 4, but was never seen by the physician. Pounds filed a grievance concerning his experiences, which resulted in a clarification issued from the commissioner's office to the prison clinic that prisoners could present more than one complaint at sick call and that sick call was a right. not a privilege that could be suspended. Pounds requested monetary relief in his complaint, an injunction prohibiting retaliation against him, and the same relief that he had already received through the grievance process.

The district court dismissed the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2), concluding that the warden, associate warden, hospital administrator, and commissioner could not be held liable on the basis of respondeat superior, that no specific claim was alleged against the staff physician, and that Pounds had not alleged any serious medical consequences resulting from the two-day delay in receiving treatment from the nurse. Pounds reasserts his claims on appeal.

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Upon consideration, we conclude that the complaint was properly dismissed for failure to state a claim, as the allegations contained in the complaint were insufficient to entitle Pounds to relief. *Jones v. City of Carlisle,* 3 F.3d 945, 947 (6th Cir. 1993). In order to state a claim under the Eighth Amendment, Pounds was required to allege that defendants were deliberately indifferent to his serious medical needs. *Brooks v. Celeste,* 39 F.3d 125, 127 (6th Cir.1994). The district court properly concluded that the named defendants—the warden, associate warden, hospital administrator, and commissioner—could not be held liable merely on the basis that they failed to remedy a grievance presented by Pounds. *Poe v. Haydon,* 853 F.2d 418, 429 (6th Cir.1988). In fact, as to the latter defendant, his office apparently did remedy the grievance Pounds filed. As to the defendant doctor, Pounds alleged that he was not seen by the doctor, but only by the nurses. However, he did not allege that he suffered any adverse consequences from his treatment by the nurses instead of the doctor. Finally, the only allegation of any indifference was against the nurse, who told Pounds that he could be seen for only one complaint per sick call, and apparently had his sick call "privileges" suspended for one day. The district court noted with respect to this defendant that Pounds had not alleged that the delay in receiving treatment had any detrimental effect on his condition. *Napier v. Madison County, Ky.,* 238 F.3d 739, 742 (6th Cir.2001); *Thaddeus–X v. Blatter,* 175 F.3d 378, 401 (6th Cir.1999).

For the reasons stated by the district court, the dismissal of this complaint for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. The motion for counsel is denied.